UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Quinn, | Case No. 20-CV-1774 (WMW/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Department of Justice Civil Rights Div.; Justice Department Office of Civil Rights; and Regions Hospital, | |
| Defendants. | |

Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff Andrew Quinn alleges in his amended complaint—the operative pleading in this action, *see* Fed. R. Civ. P. 15(a)(1)—that the Court has jurisdiction over this matter due to the parties' diversity of citizenship. (*See* Am. Compl. at 3 [Doc. No. 4]) (showing box for "Diversity of Citizenship" checked).) But Quinn *also* alleges that each of the parties is a citizen of Minnesota. (*See id*. at 3, 6.) That allegation is dubious with respect to the federal defendants—the federal government and its agencies are not citizens of any state for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(a), *see Frey v. E.P.A.*, 270 F.3d 1129, 1136-37 (7th Cir. 2001 —but this Court has no reason to doubt that both Quinn himself and the remaining defendant, Regions

1

Hospital, are each citizens of Minnesota as Quinn alleges.  And if Quinn and Regions Hospital are each citizens of Minnesota, then § 1332(a) cannot supply a basis for the Court's jurisdiction over this matter.

Moreover, no non-frivolous federal question of law is apparent from the amended (or the original) complaint.  *See* 28 U.S.C. § 1331 (providing jurisdiction over civil actions in which a federal question of law is presented).  The pleading does not contain a great amount of detail, but Quinn seeks relief on the grounds that Regions Hospital shared information regarding his health with the U.S. Department of Justice.  Even assuming that allegation to be true, however, this Court is not aware of any federal-law basis upon which Quinn may seek relief, *see Adams v. Eureka Fire Protection Dist.*, 352 Fed. App'x 137 (8th Cir. 2009) (per curiam) (holding that the Health Insurance Portability and Accountability Act does not supply a private right of action and may not be enforced through 42 U.S.C. § 1983), and Quinn does not invoke any specific federal law or cause of action in his pleading.  Accordingly, § 1331 also cannot provide a basis for the Court's jurisdiction over this matter.

In the absence of jurisdiction, the Court cannot proceed further.  Accordingly, it is recommended that this matter be dismissed without prejudice for lack of jurisdiction.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Andrew Quinn [Doc. No. 2] be **DENIED AS MOOT**.

Dated: September 11, 2020     s/ *Hildy Bowbeer*
Hildy Bowbeer
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).